UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

AKHIL C. GUPTA,
Plaintiff
v.
CUSTOMERLINX
CORPORATION,
Defendants

C.A. No. 2003-0587 S

**DEFENDANT CUSTOMERLINX'**
**FOURTH MOTION TO QUASH**

Now comes the defendant Customerlinx and respectfully requests that the court quash the attached Rule 30(b)(6) deposition subpoena for the same reasons as asserted in the Defendant's Third Motion to Quash (granted without prejudice). In addition, the requested information is beyond the scope of discovery and is unduly burdensome.

As grounds for this motion, the defendant states that the deposition notice was served via e-mail at 4:55 pm on the Friday preceding Memorial Day (5/27/2005). The notice purports to schedule the deposition to take place in Rhode Island on Friday, June 3, 2005. No phone call preceded the notice, and the plaintiff made no other effort to coordinate the scheduling of this deposition.

As this court is aware, Customerlinx is not a Rhode Island corporation. At present it maintains a corporate office in Atlanta, Georgia, and has offices in Oklahoma and New York. It has no employees in Rhode Island, nor within 100 miles of Rhode Island.

Generally speaking, courts have discretion to control the location of a deposition. In general, defendants are permitted to have their deposition taken where they work or live. Rapoca Enery Company, LP v. Amci Export Corp, 199 FRD 191, 193 (W.D. Va. 2001). Moreover, the deposition of a corporation ought to occur at its principal place of business.

> The defendant's deposition will ordinarily be taken at the defendant's residence or place of business or employment; a motion for a protective order under Rule 26(c) that objects to another location will usually be successful." 4 Moore's Federal Practice, ¶ 26.22 at 26-367 (2d ed. 1994). The cases which have so held are legion. See, e.g., Thompson v. Sun Oil Co., 523 F.2d 647 (8th Cir. 1975); Grey v. Continental Marketing Associates, Inc., 315 F. Supp. 826 (N.D. Ga. 1970); Twardzik v. Sepauley, 286 F. Supp. 346 (E.D. Pa. 1968); Work v. Bier, 107 F.R.D. 789 (D.C. 1985); General Leasing Co. v. Lawrence Photo-Graphic Supply, 84 F.R.D. 130 (W.D. Mo. 1979); Kurt M. Jachmann Co. v. Hartley, Cooper & Co., 16 F.R.D. 565 (S.D. N.Y. 1954).

There is a general presumption that a defendant should be deposed in the district of its residence or principal place of business. Rapoca Energy Co., L.P. v AMCI Exp. Corp., 199 FRD 191, 48 FR Serv. 3d 880 (W.D. Va. 2001); Armsey v Medshares Mgmt. Servs., Inc., 184 FRD 569 (W.D. Va. 1998). Mr. Deacon has made no showing of a reason to overcome the presumption.

For the foregoing reasons, we respectfully ask the court to quash the subpoena subject to the defendant's right to proper notice of at least two weeks, and subject to a protective order regarding financial information which the court may determine is unduly burdensome and otherwise beyond the scope of discovery.

Counsel for Defendant

Michael T. Farley, #6196
Morrison Mahoney LLP
121 South Main Street
Providence, RI 02903
Tel: (401) 331-4660
Fax: (401) 351-4420

GOOD FAITH CERTIFICATION

The undersigned states that he made a good faith effort to secure the requested relief without involving the court by initiating telephone calls on Tuesday, May 31, 2005 and Wednesday, June 1, 2005. Counsel for the plaintiff did not respond to the numerous telephone calls, but ultimately responded to an e-mail late in the afternoon on Wednesday, June 1, 2005. Regrettably, we were not able to reach an agreement regarding the deposition.

**CERTIFICATION**

I hereby certify that on this 1st day of June, 2005, I caused to be served by First Class U.S. Mail, postage prepaid, a copy of the within document to:

John D. Deacon, Jr. #2226
72 Pine Street
Providence, RI 02903
Tel: (401) 272-8080
Fax: (401) 272-8195

____________________________