UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

AKHIL C. GUPTA,
Plaintiff
v.
CUSTOMERLINX
CORPORATION,
Defendants

C.A. No. 2003-0587 S

**AFFIDAVIT OF MICHAEL T. FARLEY DETAILING THE GOOD FAITH EFFORT TO ATTEMPT RESOLUTION OF THE ISSUE WITHOUT INVOLVING THE COURT**

1. My name is Michael T. Farley. I am counsel of record for Customerlinx and I understand the obligations of an oath.

2. I received a re-notice of a deposition of Customerlinx on Tuesday, May 31, 2005 which scheduled the deposition for Friday, June 3, 2005. The notice was apparently sent late in the afternoon on Friday, May 27, 2005, but was not received by the undersigned until after the Memorial Day weekend.

3. On May 31, 2005, I telephoned opposing counsel, leaving at least one message on his voicemail asking him to contact me on my cell phone to discuss several issues. I also spoke with a receptionist at his office who was unable to state whether Mr. Deacon was in the office. I did not speak with Mr. Deacon that day, and I received no communication from him that day.

4. On June 1, 2005, I again telephone opposing counsel, leaving at least one message on his voicemail asking him to contact me at my office to discuss the issue. Again, I spoke with a receptionist who stated that Mr. Deacon was "not picking up his phone." She was unable to state whether or not Mr. Deacon was in the office. I did not speak with Mr. Deacon again that day.

5. On June 1, 2005, at approximately 3:10 pm, I sent the following e-mail to Mr. Deacon:

> I am having great difficulty in reaching you at your office.
>
> Please call at your earliest convenience. I have a number of issues to discuss, including a good faith discovery dispute conference.
>
> You sent a deposition notice at 4:55 pm on the Friday before Memorial Day. As you probably intended, I didn't see it until after the weekend. Obviously, we cannot proceed on such short notice. Rule 30 (the rule which I referred to as "the deposition rule" in our earlier conversation) requires "reasonable notice." If given the chance to actually speak with you, I'd be happy to give you caselaw on the topic.
>
> In any event, you have not given reasonable notice. If I do not hear back from you by 4:00pm, I will file a motion to quash the deposition of Customerlinx.

6. Later that day, at approximately 3:43 pm, I received the following response from Mr. Deacon:

> This identical deposition notice was originally issued on April 29, and scheduled the deposition on May 6. The M-J granted your motion to quash it (without prejudice to renewal) only because he and I assumed at that time that the defendant would obey his order to produce documents by May 20, and the documents would answer the topics designated for deposition. However, the order for document production was flouted, so the deposition notice reissued. Your client has had a month's notice of this deposition. Your objection is a pretext for more stalling, obstruction, and groundless objections.

7. A few moments later I sent the following email to Mr. Deacon:

> When did you give notice of the 6/3 deposition date? It was in that 4:55 pm, 5/27/2005 e-mail, right? Or did you give earlier notice of the date in one of your "secret depositions"?
>
> By the way, my understanding is that Judge Lovegreen's order compelled us to provide a Response to your umpteenth Request for Production of Documents (which we did - on 5/20). Are you now saying that we are not entitled to assert objections? What rule is that?

8. To date, I have not received a response to these queries.

9. On June 1, 2005, having made a good faith effort to attempt resolution of the issue without involving the court, without success, I filed the Motion to Quash.

Subscribed and Sworn to Under the Pains and Penalties of Perjury this 7th day of June, 2005.

Michael T. Farley

**CERTIFICATION**

I hereby certify that on this 7th day of June, 2005, I caused to be served by First Class U.S. Mail, postage prepaid, a copy of the within document to:

John D. Deacon, Jr. #2226
72 Pine Street
Providence, RI 02903
Tel: (401) 272-8080
Fax: (401) 272-8195