UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| AKHIL C. GUPTA, Plaintiff, | : | |
| v. | : | C.A. No. 03-587 S |
| CUSTOMERLINX CORPORATION, Defendant. | : | |

**PLAINTIFF'S OBJECTION TO DEFENDANT'S MOTION TO QUASH RENEWED NOTICE OF DEPOSITION**

Plaintiff objects to defendant's motion to quash the renewed notice of deposition of defendant Customerlinx under Rule 30(b)(6). The grounds for objection are set forth in the supporting memorandum.

AKHIL C. GUPTA,
By his attorney,

John D. Deacon, Jr. (#2226)
72 Pine Street
Providence, RI 02903
Tel: (401) 272-8080
Fax: (401) 272-8195

**CERTIFICATION**

I hereby certify that on this 3 day of June, 2005, I caused to be served by hand delivery, a copy of the within Plaintiff's Objection to Defendant's Motion to Quash Renewed Notice of Deposition to Michael T. Farley, Esq., Morrison Mahoney & Miller, One Providence Washington Plaza, Providence, R.I. 02903.

F:\John D\AKHIL GUPTA\Obj to Motion to Quash renewed depo.doc

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| AKHIL C. GUPTA,<br>Plaintiff,<br><br>v.<br><br>CUSTOMERLINX CORPORATION,<br>Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>: | C.A. No. 03-587 S |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S**
**<u>MOTION TO QUASH RENEWED NOTICE OF DEPOSITION</u>**

Plaintiff renewed a notice of deposition of defendant Customerlinx postjudgment under Rule 30(b)(6). Customerlinx responded by moving to quash, and plaintiff submits this memorandum in opposition to the motion to quash. This deposition and renewal therof is simply an attempt by plaintiff to obtain identification of Customerlinx' accounts receivable and bank accounts for purposes of attachment on trustee process. Plaintiff has been attempting to obtain this same information from Customerlinx through document production, which is the subject of this Court's order entered May 10 to Customerlinx for production by May 20. Customerlinx has improperly obstructed and thwarted all of plaintiff's efforts to obtain this information regarding accounts receivable and bank accounts.

**<u>STATEMENT OF FACTS</u>**

This action was tried from April 24-28, 2005, and at the conclusion of trial the jury returned a verdict for plaintiff in the amount of $249,000. With prejudgment interest and costs, the total amount of the judgment at present is $349,000. Judgment was entered on May 6, 2005.

In Federal Court, pursuant to Rule 62(a) Fed. R. Civ. Proc., judgments are automatically stayed only for a period of 10 days after entry. Upon expiration of this 10-day period, execution will issue. <u>Id</u>. In Federal Courts, post-trial motions such as motion for new trial and/or for

judgment as a matter of law do not stay execution of judgment; such post-trial motions merely suspend the running of the period for appeal.

Customerlinx' financial condition is rapidly declining. It appears that bankruptcy or some other type of insolvency proceeding is likely. Approximately 65% of Customerlinx' most recent annual revenues came from the Kelly/RCA Contract (which was sold by the plaintiff in 2002, and which was the subject of one of the claims in the action). According to discovery recently obtained from Kelly post-trial, Kelly issued notices of termination of the Kelly/RCA Contract to Customerlinx dated October 21, 2004 and December 21, 2004, by reason of Customerlinx' material defaults in performance. In addition, Kelly claims that Customerlinx owes Kelly approximately $2.6 million in over-billings by Customerlinx from March of 2003 through 2004. According to Kelly (¶ 9 of Kelly's arbitration claim against Customerlinx), Customerlinx' over-billings resulted from Customerlinx' claim "that it was experiencing severe financial difficulties that were threatening to cause Customerlinx to close its operations facility." These claims are presently being litigated between Kelly and Customerlinx in arbitration.

It appears likely that plaintiff's only chance of collecting anything on account of the judgment is to issue writs of trustee process to customers who owe accounts payable, and to any banks in which Customerlinx has accounts. However, that process requires identification of such customers who owe accounts payable, and identification of banks and bank accounts. Since the conclusion of the trial, plaintiff has been diligently attempting to obtain from Customerlinx through discovery information identifying customer accounts payable and bank accounts for purposes of attachment by trustee process. Customerlinx has wrongfully obstructed and thwarted all attempts to obtain this information.

Immediately after the verdict, plaintiff requested that Customerlinx comply with previously served document requests nos. 28-29, regarding receivables and bank accounts, but Customerlinx refused. Plaintiff issued a notice to take Customerlinx' deposition on May 6 under Rule 30(b)(6), the topics being identification of receivables and bank accounts, but Customerlinx refused to appear and instead moved to quash the deposition. On May 2, plaintiff served a fourth document request, seeking identification of receivables and bank accounts, but Customerlinx refuses to produce the information.

At a hearing on May 10, 2005, the Court (Magistrate-Judge Lovegreen) ordered Customerlinx to respond to plaintiff's fourth document request by May 20. In addition, because the fourth document request and the deposition notice covered the same subject matter, the Court (Magistrate-Judge Lovegreen) quashed the deposition notice without prejudice to renewal.

Customerlinx did not obey the Order for document production by May 20. On May 23, plaintiff's counsel telephoned Customerlinx' counsel to request production of the documents pursuant to the Court Order. Customerlinx' counsel responded by serving objections that the requests were irrelevant and unduly burdensome -- grounds which had previously been argued to and rejected by the Court at the hearing on May 10. In addition, Customerlinx' counsel falsely backdated the certificate of service to May 20, apparently out of concern as to untimeliness. Such knowingly false certification is perjury.

On May 27, plaintiff filed a motion for enforcement of the Court Order regarding production of documents, and a motion to shorten time for hearing. Also on May 27, plaintiff reissued the previous deposition notice for Customerlinx under Rule 30(b)(6), scheduling the deposition for June 3. Customerlinx responded by filing a motion to quash the deposition notice. Plaintiff respectfully submits that plaintiff's motion for enforcement of the Court's Order

regarding production of documents should be heard and considered together with Customerlinx' motion to quash the renewed deposition notice.

## ARGUMENT

Customerlinx' arguments regarding location, adequacy of notice, inconvenience and burden are merely pretexts for attempting to further obstruct and thwart plaintiff's attempts to obtain critically important information to secure payment of this judgment.

If Customerlinx' complaints about location, adequacy of notice, inconvenience and burden were genuine, then all these issues could have been avoided simply by production of the requested documents, which is what the Court contemplated when these same issues were argued and considered at the hearing on May 10.

Customerlinx may be deposed in Rhode Island. Determination of the appropriate location of depositions is subject to the substantial discretion of the court, and such discretion is commonly exercised to require nonresident representatives of foreign corporate defendants to appear for deposition in the district in which the action is pending. Moore's Federal Practice (3d ed.), Vol. 7, § 30.20[1][b]; Wright-Miller-Marcus, Federal Practice & Procedure, Vol. 8A, § 2112, at 75-84, and cases cited at n. 18; see, e.g., Custom Form Mfg. Inc. v. Omron Corp., 196 F.R.D. 333 (N.D. Ind. 2000) and cases cited; Armsey v. Medshares Mgmt Servs., Inc., 184 F.R.D. 569, 571 (W.D. Va. 1998); Turner v. Prudential Ins. Co., 119 F.R.D. 381, 384 (D.N.C. 1988); Slavenwhite v. Bekum Maschinen Fabriken GMBH, 104 F.R.D. 616 (D.Mass. 1985); Powell v. International Foodservice Systems, Inc., 52 F.R.D. 205 (D.P.R. 1971).

Under these authorities, the factors governing the court's exercise of discretion to require a nonresident corporate representative to be deposed in the district in which the action is pending are (1) the location of counsel for the parties in the forum district; (2) the number of corporate

representatives a party is seeking to depose; (3) the likelihood of significant discovery disputes arising, which would necessitate resolution by the forum court; (4) whether the persons sought to be deposed often engage in travel for business purposes; and (5) the equities with regard to the nature of the claim and the parties' relationship. Id.; see especially Armsey, supra, 184 F.R.D. at 571.

In the present case, all these factors support the taking of the deposition in Rhode Island: (1) counsel for both parties are here; (2) plaintiff seeks to depose only one corporate representative; (3) unfortunately, discovery in this case has been contentious, and multiple disputes have arisen, and more are likely; (4) the Chief Financial Officer traveled to Rhode Island and attended the entire trial, as well as the pretrial court-ordered settlement conference; Customerlinx has filed qualification and consent to do business in Rhode Island and to be served and sued here; and (5) the equities favor plaintiff, who is an individual with limited resources, and plaintiff worked primarily in Rhode Island during his employment with Customerlinx.

In addition, the Court has discretion to order deposition by telephone, or to require defendant to provide written answers to the topics, supplemented by document production, as a more convenient and economical alternative than travel from and to Atlanta, Georgia.

Customerlinx was given one week's notice of the renewal of the deposition, which is customary and sufficient. The initial deposition notice was served on April 30, more than a month ago. Moreover, the deposition has been repeatedly postponed as a result of the repeated motion practice, which creates additional notice time.

Rule 45, and the 100-mile limit contained therein, only applies to nonparties. Customerlinx is a party; no subpoena was required or was in fact served to it.

AKHIL C. GUPTA,
By his attorney,

John D. Deacon, Jr. (#2226)
72 Pine Street
Providence, RI 02903
Tel: (401) 272-8080
Fax: (401) 272-8195

**CERTIFICATION**

I hereby certify that on this 3 day of June, 2005, I caused to be served by via first class U.S. mail a copy of the within Memorandum in Opposition to Defendant's Motion to Quash Renewed Notice of Deposition to attorney Michael Farley, Morrison Mahoney & Miller, One Providence Washington Plaza, Providence, R.I. 02903.