UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

AKHIL C. GUPTA,
Plaintiff
v.
CUSTOMERLINX
CORPORATION,
Defendants

C.A. No. 2003-0587 S

**REPLY OF DEFENDANT CUSTOMERLINX' TO PLAINTIFF'S OPPOSITION TO ITS FOURTH MOTION TO QUASH**

In his Opposition to Defendant's Fourth Motion to Quash, plaintiff asserts a number of unsupported "statements of facts," each of which is material, erroneous and asserted in bad faith. Plaintiff has made serious, completely unsupported false representations.

1.) *"CustomerLinx financial condition is rapidly declining. It appears that bankruptcy or some other type of insolvency proceeding is likely.*[1]*"* CustomerLinx revenues have increased year-over-year. While CustomerLinx did not show a profit until August of 2004, it has not shown a monthly loss since. *See* Affidavit of Neil Quarterman, attached.

2.) *"Approximately 64% of CustomerLinx' most recent annual revenues came from the Kelly/RCA contract (which was sold by the plaintiff*[2] *in 2002, and which was the subject of one of the claims in the action.)"*[3] Revenue from Kelly accounted for less than 13% of total CustomerLinx revenues in the first quarter of 2005. *See* Affidavit of Neil Quarterman, attached.

3.) And:

> According to discovery recently obtained from Kelly post-trial[4], Kelly issued notices of termination of the Kelly/RCA Contract to

[1] Plaintiff's Memorandum in Opposition to Defendant's Motion to Quash Renewed Notice of Deposition. Pg. 2
[2] This was a disputed fact.
[3] Plaintiff's Memorandum in Opposition to Defendant's Motion to Quash Renewed Notice of Deposition. Pg. 2

[4] This "discovery" is the subject of other disputes before this Court. Post-trial, plaintiff issued a series of "trial subpoenas"(although, there is no trial), without notice to the defendant and, apparently, obtained material it has withheld from the defendant. The effort, an obvious attempt to poison CustomerLinx with its customers, was an attempt to do through the back door what civil procedure would not permit through the front.

> CustomerLinx dated October 21, 2004, and December 21, 2004, by reason of CustomerLinx' material defaults in performance. In addition Kelly claims that CustomerLinx owes Kelly approximately $2.6 million in overbillings by CustomerLinx from March of 2003 through 2004. According to Kelly, (Paragraph 9 of Kelly's arbitration claim against CustomerLinx), CustomerLinx over billings resulted from CustomerLinx claim "that it was experiencing severe financial difficulties that were threatening to cause CustomerLinx to close its operations facility." These claims are presently being litigated between Kelly and CustomerLinx in arbitration.[5]

CustomerLinx has reached a settlement agreement in its dispute with Kelly, in which the alleged defaults have been accepted as remedied, and the alleges overcharges have been foregone. The allegation of overbilling of $2.6 million is merely that, an allegation. *See* Affidavit of Neil Quarterman, attached.

The false assertions of fact should be stricken.

CUSTOMERLINX CORPORATION
By its attorneys

Michael T. Farley, #6196
Morrison Mahoney LLP
121 South Main Street
Providence, RI 02903
Tel: (401) 331-4660
Fax: (401) 351-4420

[5] Plaintiff's Memorandum in Opposition to Defendant's Motion to Quash Renewed Notice of Deposition. Pg. 2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

AKHIL C. GUPTA,
Plaintiff
v.
CUSTOMERLINX
CORPORATION,
Defendants

C.A. No. 2003-0587 S

**AFFIDAVIT OF NEIL QUARTERMAN**

I, Neil Quarterman, do upon my oath depose and say the following.

1.) I am Chief Financial Officer of CustomerLinx Corporation. My office is at the company's corporate headquarters in Atlanta, GA.

2.) CustomerLinx' financial condition is not rapidly declining. No bankruptcy or other type of insolvency proceeding is likely, in my judgment. CustomerLinx revenues have increased year-over-year. While CustomerLinx did not show a profit until August of 2004, it has not shown a monthly loss since. Evidence to this effect has already been submitted to the court.

3.) Approximately 64% of CustomerLinx' most recent annual revenues did not come from the Kelly/RCA contract. In truth, revenue from Kelly accounted for less than 13% of total CustomerLinx revenues in the first quarter of 2005, as has been the trend for more than a year. CustomerLinx has other customers that comprise as much or more revenue individually, and is growing its business aggressively. Evidence to this effect has already been submitted to the court.

4.) Yes, CustomerLinx had a business dispute with its customer, Kelly Management Services, Inc. As in many litigated disputes, wild allegations were made to attempt to gain strategic advantage. However, in truth, CustomerLinx has reached a settlement agreement in its dispute with Kelly, in which the alleged defaults have been accepted as remedied, and the

alleged overcharges have been foregone. The allegation of overbilling of $2.6 million was merely that, an allegation which was never proven and which is no longer claimed.

5.) I have no plans to be in the Northeast on any business in the near future. I have a number of pressing obligations, as well as a family vacation planned. If I must testify at deposition, I would prefer that it be of limited duration and scope and by telephone.

SIGNED UNDER THE PENALTIES OF PERJURY THIS SIXTH DAY OF JUNE, 2005.

Neil Quarterman

**CERTIFICATION**

I hereby certify that on this 7th day of June, 2005, I caused to be served by First Class U.S. Mail, postage prepaid, a copy of the within document to:

John D. Deacon, Jr. #2226
72 Pine Street
Providence, RI 02903
Tel: (401) 272-8080
Fax: (401) 272-8195

557617v1