**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| AKHIL C. GUPTA, Plaintiff, | : | |
| v. | : | C.A. No. 03-587 S |
| CUSTOMERLINX CORPORATION, Defendant. | : | |

**PLAINTIFF'S EMERGENCY MOTION FOR AN ORDER REQUIRING DEFENDANT TO DELIVER STOCK OF SUBSIDIARIES FOR ATTACHMENT AND EXECUTION, AND TO ENJOIN TRANSFER OR SALE**

Plaintiff moves for an order requiring defendant Customerlinx Corporation to deliver all documents embodying or representing stock in subsidiaries (including but not limited to stock certificates, minute books, and stock transfer registers) to an officer in the District of Rhode Island for attachment and for execution sale.

The subsidiaries are: Customerlinx of New York, Inc.; Customerlinx of Oklahoma, Inc.; Customerlinx of North Carolina, Inc.; Customerlinx of Connecticut, Inc.; Customerlinx of California, Inc.; and Customerlinx (India), Inc.

Plaintiff also moves for temporary and preliminary injunctive relief, restraining and enjoining sale or transfer of any stock in any of these subsidiaries.

The grounds for this motion are set forth in the accompanying memorandum.

AKHIL C. GUPTA,
By his attorney,

John D. Deacon, Jr. (#2226)
72 Pine Street
Providence, RI 02903
Tel: (401) 272-8080
Fax: (401) 272-8195

**CERTIFICATION**

I hereby certify that on this 20 day of June, 2005, I caused to be ~~served by~~ delivered by email and via first class U.S. mail a copy of the within Emergency Motion for an Order Requiring Defendant to Deliver Stock of Subsidiaries for Attachment and Execution, and to Enjoin Transfer or Sale to attorney Michael Farley, Morrison Mahoney & Miller, One Providence Washington Plaza, Providence, R.I. 02903.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| AKHIL C. GUPTA,<br>Plaintiff, | : | |
| v. | : | C.A. No. 03-587 S |
| CUSTOMERLINX CORPORATION,<br>Defendant. | : | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S EMERGENCY MOTION FOR AN ORDER REQUIRING DEFENDANT TO DELIVER STOCK OF SUBSIDIARIES FOR ATTACHMENT AND EXECUTION, AND TO ENJOIN TRANSFER OR SALE**

Plaintiff has moved for an order requiring defendant Customerlinx Corporation to deliver all documents embodying or representing stock in subsidiaries (including but not limited to stock certificates, minute books, and stock transfer registers) to an officer in the District of Rhode Island for attachment and for execution sale.

The subsidiaries are: Customerlinx of New York, Inc.; Customerlinx of Oklahoma, Inc.; Customerlinx of North Carolina, Inc.; Customerlinx of Connecticut, Inc.; Customerlinx of California, Inc.; and Customerlinx (India), Inc.

Plaintiff has also moved for temporary and preliminary injunctive relief, restraining and enjoining sale or transfer of any stock in any of these subsidiaries.

Substantially all of the business of the defendant Customerlinx is purportedly conducted through these purported subsidiary corporations. Plaintiff does not acknowledge the validity of the purported separateness of these subsidiary corporations, and certainly does not waive any rights regarding "veil-piercing." However, leaving those issues aside for the moment, Customerlinx' ownership of these subsidiary corporations appears to be its primary assets.

Creditors' rights to legal process against corporate stock owned by a debtor are governed by § 8-112 of the Uniform Commercial Code, which in Rhode Island is § 6A-8-112 R.I.G.L. Subpart (e) of the statute provides:

> (e) A creditor whose debtor is the owner of a certificated security, uncertificated security, or security entitlement is entitled to aid from a court of competent jurisdiction, by injunction or otherwise, in reaching the certificated security, uncertificated security, or security entitlement or in satisfying the claim by means allowed at law or in equity in regard to property that cannot readily be reached by other legal process. (emphasis added).

As provided by § 8-112 of the UCC, and also by prior law, if stock certificates have been issued for Customerlinx' shares in the subsidiaries, then the stock rights become embodied in the certificates, and the certificates are viewed by the law as tangible personal property. See Westerman v. Gilbert, 119 F.Supp. 355 (D.R.I. 1953); ABKO Indus. v. Apple Films, Inc., 350 N.E. 2d 899, 901 (N.Y. 1976). Therefore, to the extent certificates have been issued, then attachment and execution sale of the stock requires seizure and possession of the stock certificates. If the stock certificates are outside the state, then the certificates "cannot readily be reached by other legal process," i.e., by physical seizure under writ of attachment, and the plaintiff becomes entitled to "aid from a court . . . by injunction or otherwise."

A court which has jurisdiction over the person of a defendant judgment-debtor clearly has the power to order the defendant judgment-debtor to deliver stock certificates for attachment and execution, including requiring the defendant judgment-debtor to bring in the stock certificates from another state. See, e.g., Inter-Regional Financial Group v. Hashami, 562 F.2d 152 (2d Cir. 1977); Fleming v. Gray Mfg. Co., 352 F.Supp. 724 (D. Conn. 1973); Bahre v. Pearl, 595 A.2d 1027 (Me. 1991); Grossman v. Glass, 236 S.E.2d

657 (Ga. 1977); see also In re Feit & Drexler, 760 F.2d 406 (2d. Cir. 1985); Clark Equip. Co. v. Armstrong Equip. Co., 431 F.2d 54, 57 (5th Cir. 1970), cert. denied 402 U.S. 909.

To the extent stock certificates have not been issued, then a defendant's rights of stock ownership are not viewed by the law as having become embodied in any document, but rather are viewed as being an intangible debt or obligation owed by the corporation to the defendant stockholder. Consequently, execution against uncertificated stock rights follows the process of garnishment, with the corporation being served as the garnishee regarding the obligation owed by the corporation to the defendant stockholder. See, e.g., Enterprise Bank v. Saettele, 804 F.Supp. 1111 (E.D. Mo. 1992). However, the court has equitable power to order the corporation to issue certificates to the defendant judgment-debtor, such that the defendant judgment-debtor's stock rights become embodied in the certificates, and to deliver the issued stock certificates to an officer for sale at public auction. Progressive Forwarding, Inc. v. Cander Realty Corp., 6 UCC Rep. Serv. 390 (N.Y. Super. 1969) This type of order is within the power of the Court under 8-112(e) of the UCC, and § 6A-8-112 (e) R.I.G.L.

At this point in the present case, we do not know whether Customerlinx' stock in the various subsidiaries is certificated or not, and to what extent. Plaintiff is requesting an order requiring Customerlinx to deliver up not only any and all stock certificates, but also the original minute books and stock transfer registers of each of the various subsidiary corporations. Plaintiff also requests an order requiring that, if certificates embodying Customerlinx' shares of stock in subsidiaries have not been issued, that such certificates be issued and delivered up to an officer for execution sale at public auction.

In the interim, Plaintiff has also moved for temporary and preliminary injunctive relief, restraining and enjoining sale or transfer of any stock in any of these subsidiaries. Irreparable injury is satisfied by the showing of prospective insolvency of the defendant, as set forth and briefed in plaintiff's separate motion for injunctive relief.

AKHIL C. GUPTA,
By his attorney,

John D. Deacon, Jr. (#2226)
72 Pine Street
Providence, RI 02903
Tel: (401) 272-8080
Fax: (401) 272-8195

## CERTIFICATION

I hereby certify that on this 20 day of June, 2005, I caused to be served by via first class U.S. mail a copy of the within Memorandum in Support of Plaintiff's Emergency Motion for an Order Requiring Defendant to Deliver Stock of Subsidiaries for Attachment and Execution, and to Enjoin Transfer or Sale to attorney Michael Farley, Morrison Mahoney & Miller, One Providence Washington Plaza, Providence, R.I. 02903.