**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| AKHIL C. GUPTA,<br>Plaintiff, | : | |
| v. | : | C.A. No. 03-587 S |
| CUSTOMERLINX CORPORATION,<br>Defendant. | : | |

**REPLY MEMORANDUM IN SUPPORT OF
PLAINTIFF'S EMERGENCY MOTION FOR TEMPORARY
AND PRELIMINARY INJUNCTION IN AID OF ATTACHMENT
ON TRUSTEE PROCESS, AND FOR AUTHORIZATION
FOR RECORDING OF AMENDED JUDGMENT IN OTHER DISTRICTS**

No reply is required as to defendant's arguments no. 2 (no irreparable harm) or no. 3 (plaintiff's alleged motive to put defendant out of business).

Defendant did not assert any opposition to plaintiff's motion for order authorizing recording judgment in other districts.

As to defendant's argument no. 1, regarding subsidiary corporations, a reply is appropriate. Defendant does not submit any affidavit in support this argument. Plaintiff is requesting a freeze order precluding receipt, acceptance, or negotiation of payments from specified customers -- the customers on the "RCA Contract," and Financial Times Ltd.

The party to the RCA Contract was the defendant Customerlinx Corporation, not any subsidiary corporation. Attached hereto (tab 1) for reference in that regard are copies of the relevant pages of the three relevant contracts: the Alliance Agreement (4/01), the Management Services Agreement (3/02), and the Amendment Agreement (7/02).

The payments under the RCA Contract were issued to the defendant Customerlinx, not to any subsidiary, as evidenced by the checks from Kelly included within plaintiff's trial exhibit 55.

In the litigation by Kelly regarding termination of the RCA Contract and Kelly claim for recovery of over-billings of $2.6 million, the party is the defendant Customerlinx Corporation, not any subsidiary. Cert. Deacon, exh. 4.

The same is true with regard to Financial Times Ltd.: the contractual relationship is with the defendant Customerlinx Corporation, not with any subsidiary, as evidenced by the response to plaintiff's post-trial subpoena to Financial Times, Ltd. (tab 2).

AKHIL C. GUPTA,
By his attorney,

John D. Deacon, Jr. (#2226)
72 Pine Street
Providence, RI 02903
Tel: (401) 272-8080
Fax: (401) 272-8195

**CERTIFICATION**

I hereby certify that on this 23 day of June, 2005, I caused to be delivered by email and via first class U.S. mail a copy of the within Reply Memorandum in Support of Plaintiff's Emergency Motion for Temporary and Preliminary Injunction in Aid of Attachment on Trustee Process and for Authorization of Amended Judgment in Other Districts to attorneys Lee MacPhee and Michael Farley, Morrison Mahoney & Miller, One Providence Washington Plaza, Providence, R.I. 02903. and hand delivered before hearing

Founded in 1852
by Sidney Davy Miller

MILLER CANFIELD
MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

840 West Long Lake Road, Suite 200
Troy, Michigan 48098
TEL: (248) 879-2000
FAX: (248) 879-2001
www.millercanfield.com

MICHIGAN: Ann Arbor
Detroit • Grand Rapids
Howell • Kalamazoo
Lansing • Monroe • Troy
New York, NY
Pensacola, FL
Washington, DC
CANADA: Windsor, ON
POLAND: Gdynia
Katowice • Warsaw

DIRECT FAX: (248) 267-3333

# FAX COVER SHEET

This facsimile contains PRIVILEGED AND CONFIDENTIAL INFORMATION intended only for the use of the Addressee(s) named below. If you are not the intended recipient, you are hereby notified that any dissemination or copying of this facsimile is strictly prohibited. If you have received this facsimile in error, please immediately notify us by telephone and return the original facsimile to us at the above address via the Postal Service. Thank you.

| PLEASE DELIVER TO | FAX TELEPHONE NO. |
|---|---|
| John Deacon | 401-490-6918 |

| FROM | Stuart M. Heath | C/M NO.<br>USER NO. | 2018 |
|---|---|---|---|
| TELEPHONE | (248) 267-3266 | DATE | April 26, 2005 |

**COMMENTS** Attached please find copies of the contracts you requested.

HARD COPY TO FOLLOW: ☐ YES ☒ NO

Total Number of Pages 65 (including this cover sheet)

IF YOU DO NOT RECEIVE ALL PAGES, PLEASE CALL ______________________ AT ______________________, AS SOON AS POSSIBLE.

Transmitted by: ______________________ Time: ______________

**Amendment A**

This is Amendment "A", dated July 15, 2002 ("Amendment"), amends the Alliance Agreement between Kelly Services, Inc. and CustomerLinx Corporation, dated April 4, 2001, ("Alliance Agreement"), and is made with reference to the following facts and circumstances:

RECITALS

WHEREAS, Kelly and CustomerLinx have executed an Alliance Agreement on April 4, 2001 (the "Alliance Agreement") to provide customer care services in the United States; and

WHEREAS, Kelly and CustomerLinx have been selected to provide customer care services for Thomson multimedia; and

WHEREAS, Kelly and CustomerLinx have signed an Agreement to provide such services to Thomson multimedia under a Master Services Agreement; and

WHEREAS, Kelly and CustomerLinx wish to further clarify the application of certain elements of the Alliance Agreement as it is applied to executing the terms and conditions of the Thomson multimedia Master Services Agreement.

AGREEMENT

NOW, THEREFORE, in consideration of the mutual promises herein contained, the parties agree as follows:

1. Kelly agrees to pay the agents' direct labor cost of initial training up to a maximum of $400,000. Thereafter, training cost will be charged to CustomerLinx at the 1.39 markup.

2. CustomerLinx agrees to pay for the initial technology platform and system configuration to deliver the features and functionality promised in the Thomson multimedia Master Services Agreement. Additional functionality or systems development that may be requested from time to time will be quoted and billed by CustomerLinx and revenues from such development effort will be due entirely to CustomerLinx, pursuant to the Alliance Agreement.

3. If the staff required to deliver Thomson's solution is greater than CustomerLinx's projections, Kelly will continue to charge the KMS factor, regardless of the actual

control In all other respects, the Alliance Agreement is hereby ratified, approved and confirmed by CustomerLinx and Kelly.

15. This Amendment is for the purpose of amending the Alliance Agreement only as to performance by CustomerLinx and Kelly thereunder in connection with the Thomson multimedia Master Services Agreement.

Kelly Services, Inc.

By: ______________________

CustomerLinx Corp.

By: ______________________ Pres/CEO 7/18/02

Attachments:

Thomson multimedia contract
Appendix A– Kelly Staff Required
Appendix B – Accumulated PTO for CustomerLinx employees transferred to Kelly payroll
Appendix C – Billing Schedule

# MANAGEMENT SERVICES AGREEMENT COPY

THIS AGREEMENT is made as of this 7th. day of March 2002, by and between Kelly Services, Inc., "Kelly", a Delaware corporation and CustomerLinx Corp. "CustomerLinx" a Delaware Corporation, working in alliance, jointly referred to as Providers ("Providers"), and Thomson multimedia, Inc., ("Client" or "Thomson"), a Delaware corporation.

WITNESSETH:

WHEREAS, Client has a need for contact center ("Contact Center") services; and

WHEREAS, Kelly and CustomerLinx are providers of such Contact Center services to businesses in the United States and Canada; and

WHEREAS, Client desires to obtain the benefits of Providers experience in the management and operation of national contact centers and expertise in Contact Center technology and management processes; and

WHEREAS, Providers' desire to provide Client with Contact Center services to perform such services as are contemplated by this Agreement;

NOW, THEREFORE, in consideration of the mutual promises herein contained, the parties agree as follows;

1) Services Provided. Providers will provide to Client the Contact Center services described in the Scope of Work attached hereto as Exhibit A and made a part hereof (the "Services") as Client shall require, pursuant to the terms and conditions of this Agreement. Kelly will ~~have the final~~ accountability for all aspects of this agreement. However, to accomplish the work outlined in this agreement, Kelly will use its Alliance with CustomerLinx, a Delaware corporation to provide priority use of their Durant, Oklahoma facility, technology, hardware and other capital required to fulfill their obligation under this agreement as outlined in Exhibit A. Kelly is ultimately responsible for fulfilling and complying with all of Kelly's and CustomerLinx's obligations under this Agreement.

1a) CustomerLinx Solvency: In the event CustomerLinx were to become insolvent, Kelly will have the ability to offer seamless continuity in services contemplated in this contract. CustomerLinx will offer Kelly full cooperation in accomplishing this by permitting Kelly Services the following:

1. The option of assuming all rights and responsibility for the technology licenses related to the services offered to Client

each such subcontractor's Commercial General Liability Insurance. If Kelly's insurance policy is to be canceled or changed by insured or insurer so as to affect the coverage required by this contract, at least thirty (30) days' prior written notice of such cancellation or change shall be sent to Client at the address to which invoices are to be sent by Kelly. Kelly shall provide certificates of insurance to Thomson.

14) Notices. All notices which it may be necessary or proper for either Client or Providers to give or deliver to the other shall be sent, and shall be deemed given, when received by registered or certified mail, postage prepaid and return receipt requested, and if given by Client to Providers shall be addressed to:

Kelly Management Services, Inc.
999 West Big Beaver Road
Troy, Michigan 48084
Attn: Seelin Naidoo, Vice President

With a copy to:

Kelly Services Inc.
999 West Big Beaver Road
Troy, Michigan 48084
Attn: George Reardon, General Counsel

And

CustomerLinx Corp.
Suite 140
1800 Diagonal Road
Alexandria, Virginia 22314
Attn: Mr. Jeffery McDermott, President

And

Barry A. Friedman, Esq.
Thompson Hine LLP
Suite 800
1920 N. Street, NW
Washington, D.C.

And if given by Providers to the Client it shall be addressed to:

Thomson multimedia, Inc.
P.O. Box 1976
Indianapolis, IN 46206-1976
Attn: Scott Medawar

With a copy to:

20) Entire Agreement. This Agreement, together with the Exhibits referenced herein, shall constitute the entire Agreement between the parties with respect to the subject matter and supersedes all previous agreements between Client and Providers relating to the subject matter hereof.

21) Law. This Agreement shall in all respects be governed by the laws of the State of Indiana.

22) No Competition. As from the effective date hereof, in the event that Providers wish to carry out any transaction with a competitor of Thomson (Sony, Samsung, JVC, Panasonic, Philips, LG/Zenith, Toshiba) either on or following the date of execution hereof, they covenant:

a. To refrain from carrying out such transaction on the premises in which the Contact Center is located.

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed by their duly authorized officers as of the day and year first written above.

KELLY SERVICES INC.

By: Andrew Watt

Title: SR VP

Date: 2/11/02

THOMSON MULTIMEDIA, INC.

By: Scott N Meldrum

Title: MANAGER, WORLD-WIDE CONTACT CENTERS

Date: 3/14/02

CUSTOMERLINX CORP.

By:

Title: Pres/CEO

Date: 3/7/02

**AGREEMENT**

This Agreement is entered into this 4th day of April 2001, by and between CustomerLinx Corp., a Delaware corporation ("CustomerLinx"), and Kelly Management Services, Inc., a Michigan corporation ("KMS"), which is a wholly owned subsidiary of Kelly Services, Inc., a Delaware corporation.

**RECITALS:**

CustomerLinx is a knowledge-based e-Customer Care Company engaged in the provision of outsourced voice and web-based Customer Relationship Management ("eCRM") services. KMS provides outsourcing solutions to its clients for their support departments such as mailing and shipping, payroll, accounts payable, records management and reprographics. CustomerLinx and KMS are entering into this Agreement to set forth the terms on which they will cooperate in the provision of eCRM services to certain clients exclusively out of facilities to be designed, owned, and managed by CustomerLinx ("LinxCenters") and staffed by personnel supplied by KMS. This Agreement provides terms for the relationship between the parties, including the development of a marketing plan, the solicitation of contracts with potential clients, the establishment and operation of LinxCenters, and the division between CustomerLinx and KMS of certain revenues derived from this business relationship. The parties may determine by mutual agreement at any time to extend the scope of this Agreement to encompass additional areas of business relationships. Any such extension may be documented by a supplement to this Agreement.

In consideration of the mutual covenants set forth below, CustomerLinx and KMS agree as follows:

receipt requested), or facsimile transmission with return facsimile confirmation of receipt:

If to CustomerLinx, to:

CustomerLinx Corp
Suite 104
1800 Diagonal Road
Alexandria, Virginia 22314
Fax: 703-299-6078
Attention: President

With a copy to:

Barry Friedman
Thompson Hine & Flory LLP
1920 N Street, N.W., Suite 800
Washington, D.C. 20036-1601
Fax: 202-331-8330

If to KMS, to:

Kelly Management Services, Inc.

Attention: Seelin Naidoo
999 Big Beaver Road
Troy, Michigan 48084
Fax: 248-244-5223

Either party may change the names and addresses to which notices are to be provided by notice to the other as provided in this Section.

18. *Amendments*. This Agreement may not be amended except by an instrument in writing signed on behalf of each of the parties hereto.

19. *Waiver*. The failure of either party to enforce at any time any of the provisions of this Agreement shall not be construed as a waiver of any such provision, nor in any way affect the validity of this Agreement or any part hereof or the right of that party thereafter to enforce each and every such provision. No waiver of any breach of or noncompliance with this Agreement shall be held to be a waiver of any other or subsequent breach or noncompliance.

20. *Entire Agreement*. This Agreement contains the entire agreement among the parties with respect to the matters contemplated hereby and all prior negotiations, understandings, and agreements between them are superseded by this Agreement.

In witness whereof, the parties have executed this Agreement as of the day and year first above written.

CUSTOMERLINX CORP.

By: [signature]
J. S. McDermott 5/7/01

KELLY MANAGEMENT SERVICES, INC.

By: [signature]
A R Watt

FT

May 19, 2005

Mr. John Deacon, Jr., Esq
72 Pine St., 5th floor
Providence, RI 02903

Re: subpoena in case 03-587 S

Dear Mr. Deacon,

As requested by Subpoena in Case 03-587 S, this letter is to inform you of the accounts payable that the Financial Times owes Customerlinx Corportation.

As of May 19, 2005, Financial Times has no liabilities to Customerlinx; the balance owed is $0.00.

I hope this is all you require.

Thank you.

Sincerely,

Michael Benjamin
Vice President Finance

5/27 - T/c Benjamin. Explanation: Customerlinx is still handling FT's customer relations, but as of the date the subpoena was issued, FT had paid all outstanding invoices

212-641-6500

**EXHIBIT A TO SUBPOENA**

Please produce documents showing the present amount of any accounts payable to the defendant, and judgment debtor, Customerlinx Corporation.

Issued by the

# UNITED STATES DISTRICT COURT

DISTRICT OF Rhode Island

AKHIL C. GUPTA

V.

CUSTOMERLINX CORPORATION

## SUBPOENA IN A CIVIL CASE

CASE NUMBER: [1] 03-587 S

TO: Financial Times, Ltd.
Secretary or Other Keeper of Records
133 Avenue of Americas
New York, NY 10019-5400

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Documents described on Exhibit A attached hereto. Attendance of a person is not required. The documents may be produced by mail or by delivery service

| PLACE | DATE AND TIME |
|---|---|
| Offices of John D. Deacon, Jr., Esq. 72 Pine St., 5th Floor Providence, RI 02903 | May 25, 2005 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] Attorney for Plaintiff | May 16, 2005 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
John D. Deacon, Jr., Esq.
72 Pine Street, 5th Floor
Providence, RI 02903 401-272-8080

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.