RECEIVED
JUN 28 2005
U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

AKHIL C. GUPTA,
Plaintiff,

v. C.A. No. 03-587 S

CUSTOMERLINX CORPORATION,
Defendant.

# ORDER

This action was heard on June 27, 2005, by U.S. Magistrate-Judge Lovegreen on four post-trial, discovery-related motions by the plaintiff, referred to the U.S. Magistrate-Judge for hearing and decision. After considering the written submissions and hearing argument of counsel for the parties, the motions are granted in part and denied in part, as follows:

1. As to plaintiff's motion filed May 27, 2005, to compel production of documents responsive to requests nos. 30-31, to shorten time for hearing, to strike defendant's response, and for sanctions for alleged perjury, the motion is granted in part and denied in part, as follows. Defendant shall produce documents responsive to request no. 30, regarding accounts receivable, identifying the name and address of each debtor, the present amount of the receivable, and the aging thereof, by July 15, 2005; unless, by the end of business on July 11, 2005, defendant has deposited $350,000 in the registry of this Court, in which event the production of said documents will not be required. Document request no. 31, regarding bank accounts, has been satisfied by defendant, and the motion in that regard is passed. The remaining parts of this motion, including the motion for sanctions for perjury, are denied for the reasons stated by the Court at hearing.

2. As to plaintiff's emergency motion filed June 7, 2005, to shorten time for discovery responses regarding plaintiff's interrogatories nos. 1-2, and requests for documents

nos. 32-33, plaintiff's motion is granted in part and denied in part as follows. As to interrogatory no. 1, defendant shall identify the five largest volume customers to which defendant Customerlinx and/or any of its subsidiaries has made a sale from January 1, 2004 through present, ranked in order of sales volume. Interrogatory no. 2, regarding bank accounts, has been satisfied by prior document production and need not be answered. As to document requests nos. 32-33, defendant shall produce all invoices for the five largest volume customers for the period from January 1, 2005 to date, in accordance with the requests. Defendant shall answer interrogatory no. 1 and produce documents pursuant to requests nos. 32-33, to the extent required by this order, by the close of business on July 15, 2005; unless, by the end of business on July 11, 2005, defendant has made the deposit of funds into the registry of this Court, as specified in ¶ 1, in which event defendant will not be required to respond to these discovery requests.

3. As to plaintiff's emergency motion filed June 10, 2005, to shorten time for discovery responses regarding documents requests nos. 34-36, and interrogatory no. 3, plaintiff's motion is granted in part and denied in part as follows. Any documents responsive to request no. 34 (i.e., settlement agreement with Kelly) shall be produced by defendant. Regarding request no. 35, defendant shall produce its consolidated balance statement and/or balance sheet for the year 2005 to date. The remaining parts of this motion, including as to interrogatory no. 3 and document request no. 36, are denied without prejudice. Defendant shall produce documents pursuant to requests nos. 34-35, to the extent required by this order, by the close of business on July 15, 2005; unless, by the end of business on July 11, 2005, defendant has made the deposit of funds into the registry of this Court, as specified in ¶ 1, in which event defendant will not be required to respond to these discovery requests.

4. As to plaintiff's emergency motion filed June 17, 2005, to shorten time for discovery responses regarding document request no. 37, plaintiff's motion is granted as follows. Defendant shall produce all the originals of all stock certificates embodying and/or reflecting shares owned by the defendant in the subsidiary corporations specified in request no. 37, at the offices of plaintiff's counsel, by the close of business on July 15, 2005; unless, by the end of business on July 11, 2005, defendant has made the deposit of funds into the registry of this Court, as specified in ¶ 1, in which event defendant will not be required to respond to these discovery requests.

Enter: Robert W. Lovegreen
Robert W. Lovegreen
U.S. Magistrate-Judge
June 28, 2005

By Order: Karen Caldwell
Clerk

Presented by:

John D. Deacon, Jr. (#2226)
Fax: (401) 272-8195

**CERTIFICATION**

I hereby certify that on this 28 day of June, 2005, I caused to be served by email delivery and by First Class U.S. Mail, postage prepaid, a copy of the within Order to Michael T. Farley, Esq., Morrison Mahoney & Miller, One Providence Washington Plaza, Providence, R.I. 02903.