UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

TO: John Dearon

RE: CA 03-587 S

GUPTA v. CUSTOMERLINX

ORDER

I have reviewed your document(s) presented to the Clerk's Office on 8 / 31 / 05 and have made the following determination:

______ I hereby direct the Clerk to file the document(s) in the form in which it was presented to the Court.

X Your document(s) are hereby refused and returned to you for the following reason(s):

____ 1. Pleadings, motions, other papers are not signed. (Fed. R. Civ. P. 11)

X 2. All motions and objections must be filed in duplicate, with accompanying memoranda filed in triplicate. (Local Rule 12 and General Order 02-01 as amended)

____ 3. Memorandum of law must accompany all motions and objections, with the exceptions of Motions to Compel and Motions to Extend Time. (Local Rule 12)

____ 4. New cases must be accompanied by:
a) Civil Cover Sheet (Local Rule 11)
b) Summons (Fed. R. Civ. P. 4)
c) Filing fee of $250.00 (28 U.S.C. § 1914) or $5.00 for Petitions for Habeas Corpus filed under 28 U.S.C. § 2254 and 28 U.S.C. § 2241.

____ 5. Papers will not be accepted for filing without Certification of Service. (Local Rule 12)

____ 6. Interrogatories and Answers or Objections thereto (Fed. R. Civ. P. 33), Initial Disclosures, Admissions, and Requests for Production, Responses and Objections (Fed. R. Civ. P. 34 & 36) shall NOT be filed with the Court. A party moving to compel (Fed. R. Civ. P. 37 (a)(2) ), shall file all pertinent portions of discovery material with the motion and copies (Local Rule 13).

____ 7. All Checks must be made payable to **Clerk, U.S. District Court**.

____ 8. Document violates Amended General Order 2002-01.

____ 9. Other:____________________

ENTER:

David L. Martin
United States Magistrate Judge

Date: 8-31-05

cc: Counsel of Record

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| AKHIL C. GUPTA,<br>Plaintiff, | : | |
| v. | : | C.A. No. 03-587 S |
| CUSTOMERLINX CORPORATION,<br>Defendant. | : | |

**PLAINTIFF'S MOTION TO ADD INTEREST TO AMENDED JUDGMENT**

Pursuant to Rules 59 and 60 Fed. R. Civ. Proc., plaintiff moves for an order adding interest to the amended judgment for the period from May 6, 2005, through the date of entry of amended judgment on August 29, 2005.

The grounds for this motion are set forth in the supporting memorandum.

AKHIL C. GUPTA,
By his attorney,

John D. Deacon, Jr. (#2226)
72 Pine Street
Providence, RI 02903
Tel: (401) 272-8080
Fax: (401) 272-8195

**CERTIFICATION**

I hereby certify that on this 30 day of August, 2005, I caused to be served by First Class U.S. Mail, postage prepaid, a copy of the within Motion to Attorney Michael Farley, Morrison Mahoney & Miller, One Providence Washington Plaza, Providence, R.I. 02903.

O:\John D\AKHIL GUPTA\mot to add int to amended judg.doc

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| AKHIL C. GUPTA, Plaintiff, | : | |
| v. | : | C.A. No. 03-587 S |
| CUSTOMERLINX CORPORATION, Defendant. | : | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO ADD INTEREST TO AMENDED JUDGMENT**

Plaintiff has moved pursuant to Rules 59 and 60 Fed. R. Civ. Proc. for an order adding interest to the amended judgment for the period from May 6, 2005, through the date of entry of amended judgment on August 29, 2005.

Judgment was entered in this action on May 5, 2005, without including prejudgment interest. The Court's Amended Memorandum and Order required that the judgment be amended to include prejudgment interest at the state rate of 12% per year through May 6, 2005. The Court further ordered that the applicable federal rate of post-judgment interest be determined as of May 6, 2005, at the rate of 3.33% per year. An amended judgment was entered dated August 29, 2005.

The issue addressed by the present Motion is securing plaintiff's right to post-judgment interest at the federal rate of 3.33% per annum for the period from May 6, 2005 through the date of entry of the amended judgment on August 29, 2005. If the amended judgment were entered nunc pro tunc effective as of May 6, 2005, then "post-judgment" interest would not have to be included in the amount of the judgment, but rather would accrue automatically by operation of law.

However, if the amended judgment is entered as of August 29, 2005, or any other subsequent date, then "post-judgment" interest at the federal rate of 3.33% per annum should be included in the amount of the amended judgment for the period from May 7, 2005 until date of entry. Alternatively, rather than calculating a specific amount of "postjudgment" interest, the amended judgment could include the language: "plus interest at the rate of 3.33% per year commencing May 7, 2005."